# UNITED STATES DISTRCIT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| **Linda Baird Roberts, individually** ) | C/A NO. _____ |
| **and as Administrator of the Estate** ) | |
| **of William Walter Roberts,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| **Lane I. Moore, MD; Surgical** ) | **[MEDICAL MALPRACTICE]** |
| **Associates of Myrtle Beach, LLC;** ) | **[WRONGFUL DEATH AND SURVIVAL]** |
| **Austin McCrea, DO and Grand** ) | **[JURY TRIAL DEMANDED]** |
| **Strand Regional Medical Center,** ) | |
| **LLC d/b/a Grand Strand Medical** ) | |
| **Center,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**TO THE DEFENDANTS ABOVE-NAMED:**

The Plaintiff, through her undersigned attorneys, complaining of the Defendants herein, does hereby respectfully allege as follows:

## PARTIES

1. The Plaintiff is a resident and citizen of Brunswick County, North Carolina. She brings this action individually and as the duly appointed Fiduciary of the Estate of William Walter Roberts, deceased for the benefit of the statutory beneficiaries of William Walter Roberts pursuant to pursuant to *S.C. Code Ann.* § 15-51-10 *et seq*. and for benefit of the Estate of William Walter Roberts pursuant to *S.C. Code Ann.* § 15-5-90.

2. The Plaintiff is informed and believes that Lane I. Moore, MD (hereinafter also referred to as "Defendant Moore") is a licensed medical doctor who, at all pertinent times, resided and/or practiced medicine in Horry County, South Carolina. Plaintiff is informed and

believes that, at all pertinent times, Defendant Moore was acting in the course and scope of his employment with Surgical Associates of Myrtle Beach, LLC, and/or Grand Strand Regional Medical Center, LLC.

3. The Plaintiff is informed and believes that Surgical Associates of Myrtle Beach, LLC (hereinafter also referred to as "Defendant Surgical Associates"), is a South Carolina limited liability corporation doing business through its employees (including medical residents), agents and contractors, in Horry County, South Carolina. Surgical Associates of Myrtle Beach, LLC, is liable for the acts and omissions of its employees, agents, and contractors pursuant to the laws of *respondeat superior*, agency, and nondelegable duty.

4. The Plaintiff is informed and believes that Austin McCrea, DO (hereinafter also referred to as "Defendant McCrea") is a licensed Doctor of Osteopathic Medicine who, at all pertinent times, resided and/or practiced medicine as a resident in Horry County, South Carolina. Plaintiff is informed and believes that, at all pertinent times, Defendant McCrea was acting in the course and scope of his employment with Grand Strand Regional Medical Center and/or Surgical Associates of Myrtle Beach, LLC.

5. The Plaintiff is informed and believes that Grand Strand Regional Medical Center, LLC d/b/a Grand Strand Medical Center (hereinafter also referred to as "Defendant Grand Strand"), is a South Carolina limited liability corporation doing business through its employees (including medical residents), agents and contractors, in the State of South Carolina, with its principal place of business being in Horry County. Grand Strand Regional Medical Center, LLC is liable for the acts and omissions of its employees, agents, and contractors pursuant to the laws of *respondeat superior*, agency, and nondelegable duty.

6. The Plaintiff reserves the right to add additional adverse parties, if necessary, as discovery continues.

## JURISDICTION AND VENUE

7. Venue is proper in this Judicial District and the Florence Division pursuant to Local Rule 3.01 DSC and 28 U.S.C. § 1391 (b)(2) because the negligence and wrongful acts alleged herein occurred in Horry County, South Carolina and within this Division.

8. Plaintiff has suffered damages which exceed $75,000.00, exclusive of interest and costs.

9. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332 and other applicable laws, as the citizenship of Plaintiff is diverse from the citizenship of Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## PRE-SUIT PROCEEDINGS

10. On November 3, 2022, Plaintiff filed with the Horry County Clerk of Court (1) a Notice of Intent to File Suit; (2) Plaintiff's Answers to SCRCP Rule 33(b) Standard Interrogatories; and (3) the Affidavit of George Miller, MD in compliance with the requirements of *S.C. Code Ann.* §15-79-125.

11. All parties were subsequently served with the documents described in the preceding paragraph along with the documents referenced therein and the medical records of Mr. Roberts.

12. On February 2, 2023, Jack G. Gresh, Esquire, mediated the case, but the parties were unable to reach a settlement during the pre-suit mediation process.

13.     Proof of ADR was filed with the Court on February 2, 2023.

## FACTS

14.     On November 19, 2020, Mr. Roberts was seen by Defendant Moore of Surgical Associates of Myrtle Beach, LLC, with complaints of intermittent epigastric pain, which had been present for the preceding 3-4 months. A right upper quadrant ultrasound found that Mr. Robert's gallbladder was "normal in size with a large shadowing stone without gallbladder wall thickening or pericholecystic fluid."

15.     On December 3, 2020, Mr. Roberts returned to see Defendant Moore to discuss the results of the abdominal ultrasound. Mr. Roberts was scheduled for laparoscopic cholecystectomy.

16.     On December 11, 2020, Mr. Roberts was admitted to Grand Strand Regional Medical Center for laparoscopic cholecystectomy. The surgery was performed by Defendant Moore, who was assisted by Defendant McCrea, who is believed to be a resident physician with Defendant Grand Strand Regional Medical Center, LLC.

17.     During the surgery, the Defendants encountered adhesions of the colon and duodenum to the gallbladder. While dissecting the adhesions, the Defendants injured the right hepatic artery resulting in significant bleeding. When the bleeding could not be controlled, the Defendants converted the surgery to an open procedure.

18.     While attempting a repair of the right hepatic artery, the Defendants occluded the artery and also occluded the bile duct by applying a clip across it. The Defendants failed to recognize that they had caused the occlusion of the hepatic artery. The Defendants failed to recognize the common bile duct occlusion. The Defendants proceeded with a partial cholecystectomy and closed the incision.

19. Subsequent to the surgery, Mr. Roberts developed liver abscesses and sepsis. He required surgery to reconstruct the bile duct and place stents, and he required multiple additional surgeries to address the liver infections and abscesses.

20. On February 5, 2021, Mr. Roberts succumbed to complications of the intra-abdominal abscesses, including septic shock.

## CAUSES OF ACTION
## FOR A FIRST CAUSE OF ACTION
## [WRONGFUL DEATH – MEDICAL MALPRACTICE]

21. Plaintiff realleges and reiterates all of the allegations contained in paragraphs 1 through 20 as fully as if repeated herein verbatim.

22. Plaintiff is informed and believes Defendants failed to exercise that degree of care and skill ordinarily exercised by reasonably prudent health care providers and physicians under the same or similar circumstances and like surrounding conditions (the "standard of care"), and were negligent, willful, wanton, reckless and grossly negligent in the following respects:

   a. In proceeding with the surgery without a clear, safe view of the pertinent structures;
   b. In creating a hepatic artery occlusion and then failing to recognize, address and repair the occlusion intra-operatively;
   c. In putting clips across the bile duct while view of surgical field is obstructed;
   d. In failing to recognize common bile duct narrowing/occlusion;
   e. In introducing bacteria into the liver by occluding bile duct;
   f. In failing to commence powerful antibiotics immediately considering compromised hepatic arterial perfusion;
   g. In utilizing a non-standard approach to the surgery; and
   h. In such other ways as may be determined through discovery in this case.

23. The Plaintiff is informed and believes that as a direct and proximate result of the deviations from standards of care constituting negligence, willfulness, wantonness, recklessness and gross negligence of Defendants, as aforesaid, Plaintiff's decedent, William Walter Roberts,

did not receive care and treatment within acceptable standards of care resulting in his death, as a result of which the Plaintiff's decedent's statutory beneficiaries have lost the aid, comfort, companionship and society of the decedent, and have suffered severe and extreme emotional distress, mental suffering, anxiety, grief and sorrow, for which the Plaintiff is entitled to recover on behalf of the statutory beneficiaries, pursuant to §15-51-10, *et seq.*, *S.C. Code Ann.*, actual and punitive damages against these Defendants, in an amount to be determined by the jury at the trial of this action.

24. In support of the Complaint and pursuant to *S.C. Code Ann.*§ 15-26-100, Plaintiff has attached as Exhibit A the Affidavit of George Miller, M.D., which sets forth negligent acts or omissions of the Defendants.

## FOR A SECOND CAUSE OF ACTION
### [SURVIVAL ACTION – MEDICAL MALPRACTICE]

25. The Plaintiff realleges and reiterates all of the allegations contained in paragraphs 1 through 24 as fully as if repeated herein verbatim.

26. Plaintiff is informed and believes that that as a direct and proximate result of the deviations from standards of care constituting negligence, willfulness, wantonness, recklessness and gross negligence of Defendants, as aforesaid, Plaintiff's decedent, William Walter Roberts suffered personal injury, severe and extreme psychological, mental and emotional pain and suffering, and emotional distress, anxiety, fear and hopelessness prior to his death, for which the Plaintiff's decedent's Estate is entitled, pursuant to §15-5-90, *S.C. Code Ann.*, to actual and punitive damages, in an amount to be determined by the jury at the trial of this action.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants for actual and punitive damages in amounts to be determined by the jury at the trial of this action,

for the costs and disbursements of this action, and for such other and further relief as this Court may deem just and proper.

                                            *s/John Eric Fulda*
                                        John Eric Fulda, Fed. ID # 7328
                                        Cheryl F. Perkins Fed. ID # 4969
                                        WHETSTONE PERKINS & FULDA, LLC
                                        1620 Gervais Street
                                        P. O. Box 8086 (29202)
                                        Columbia, South Carolina 29201
                                        jfulda@attorneyssc.com
                                        cperkins@attorneyssc.com
                                        (803) 799-9400 (telephone)
                                        (803) 799-2017 (facsimile)

                                        ATTORNEYS FOR THE PLAINTIFF

Columbia, South Carolina
February 14, 2023